REYES, DEMANDANTE Y APELANTE, *v.* PALERM,
DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de San Juan,
Sección Primera, en pleito sobre reivindicación.

No. 2308.—Resuelto en julio 12, 1921.

MANDATO—RATIFICACIÓN TÁCITA DE LOS ACTOS DEL APODERADO.—Aunque un apo-
derado no esté facultado para vender con pacto de retro la propiedad de la
poderdante, si ésta ratifica tácitamente tal contrato está impedida de pedir
su nulidad; y es necesario concluir que en el presente caso existió la rati-
ficación tácita de que trata el artículo 1629 del Código Civil porque con el
producto de la venta a retro hecha por el apoderado con conocimiento de la
mandante retrajo ésta la finca de quien se la había comprado a ella ante-
riormente con pacto de retro y porque la mandante a pesar de tener cono-
cimiento de las obras que realizaba en la finca el comprador una vez con-
sumada la venta, no protestó entonces de tales obras.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. J. B. Soto*

Abogados del apelado: *Sres. Oller & Rodríguez.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tri-
bunal.

Eladia Feliciano demandó a Gabriel Palerm para que le
devolviese una finca urbana que compró con pacto de retro
a Claudio Díaz Ortiz como apoderado de la demandante y
para que le pague $2,520 como productos de la finca más
$10,000 por indemnización de daños y perjuicios. La sen-
tencia fué contraria a la demandante y en el recurso de ape-

lación que contra ella interpuso sostiene que la venta hecha
por su apoderado es nula de acuerdo con lo resuelto por
nosotros en el caso de *García* v. *Suro,* 19 D. P. R. 755, porque
si bien concedió a su yerno y apoderado facultad para ven-
der pura y simplemente sus bienes no lo autorizó para ven-
der con pacto de retro.

Resulta de los autos que la apelante era dueña de una
casa gravada con dos hipotecas a favor de un mismo acree-
dor ascendentes ambas a la cantidad de $2,400 y así la vendió
personalmente con pacto de retro el 12 de mayo de 1915 a
don Arturo García de Luque por la cantidad de $3,000 de
los cuales recibió $600 y el comprador retuvo $2,400 para
responder de las hipotecas que pesaban sobre la finca.  Antes
de vencer el término del retro la dueña, también personal-
mente, retrotrajo la finca del poder de García de Luque con
dinero que su apoderado obtuvo de Gabriel Palerm y en el
mismo día, 13 de agosto de 1915, su apoderado y yerno Clau-
dio Díaz Ortiz otorgó a favor de Palerm escritura de venta
con pacto de retro por precio de $3,200, de los que el com-
prador entregó $800 y retuvo $2,400 para las hipotecas.  Al
mes siguiente el comprador pagó las dos hipotecas y sus in-
tereses de tres meses por estar vencidas de acuerdo con el
contrato de hipoteca por no haber sido pagados al acreedor
hipotecario tres meses de intereses.  La venta con pacto de
retro fué inscrita en el registro de la propiedad donde se
hizo constar la consumación de la venta al vencimiento del
término del retro y también la cancelación de las hipotecas.
Después el comprador Palerm hizo obras en la casa por valor
de unos $1,600 y cuatro años después de la venta fué que se
presentó la demanda que origina este pleito.

En cuanto al poder que la apelante confirió a su yerno
Claudio Díaz Ortiz, encontramos en él, entre otras faculta-
des, las siguientes: Segundo. Comprar, vender, ceder, per-
mutar, dar en pago o en prenda, pignorar, gravar con hipo-
tecas dichos bienes, otorgando para ello cuantos documentos

públicos o privados exigiere la índole de los actos realizados. Cuarto. Dar y tomar dinero a préstamo con las garantías personales o hipotecarias que le sean ofrecidas o exigidas y otorgar los contratos del caso, pública o privadamente.

En vista de lo que hemos expuesto tenemos que concluir que no debe ser anulada la venta hecha a Palerm porque en este caso no se confirió al apoderado únicamente la facultad para vender, como en el caso de *García* v. *Suro, supra,* sino que además fué autorizado para gravar, hipotecar y para tomar dinero a préstamo con las garantías que le fueren exigidas por lo que si la venta con pacto de retro hecha en este caso ha de considerarse como préstamo con la garantía de la finca el apoderado estaba facultado para otorgarla.

Pero si el apoderado no tenía facultad para vender con pacto de retro la apelante está impedida de alegar la nulidad de la venta con pacto de retro hecha por su apoderado porque con el dinero de Palerm fué que ella retrotrajo la finca que había vendido personalmente a García de Luque y mediante él obtuvo nuevamente el título de propiedad que ahora alega para demandar a Palerm, recibiendo además el beneficio de $200. Además, ella tuvo conocimiento de la venta con pacto de retro hecha por su apoderado, según resulta de la prueba, y declarando en el juicio manifestó que todo lo que hiciera su apoderado está bien hecho y tuvo conocimiento también de las obras que en la casa hizo Palerm sin que protestara de ellas, siendo todos estos hechos una ratificación de los actos de su apoderado, que puede ser expresa o tácita, según el artículo 1629 del Código Civil, preceptivo de que en lo que el mandatario se haya excedido, no queda obligado el mandante sino cuando lo ratifica expresa o tácitamente; disponiendo por su parte el artículo 1226 del mismo código que el contrato celebrado a nombre de otro por quien no tenga su autorización o representación legal será nulo, a no ser que lo ratifique la persona a cuyo nombre se otorgue antes de ser revocado por la otra parte contratante.

En cuanto al artículo 1278 del mismo texto que cita la apelante al efecto de que se entenderá que hay confirmación tácita cuando con conocimiento de la causa de nulidad y habiendo ésta cesado, el que tuviese derecho a invocarla ejecutase un acto que implique necesariamente la voluntad de renunciarla, tal precepto no es aplicable al presente caso sino a aquéllos a que se refiere el artículo 1267 del mismo Código Civil, o sea, en los que a pesar de existir el consentimiento de los contratantes, objeto y causa de la obligación, adolecen sin embargo de algunos de los vicios que los invalidan con arreglo a la ley.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.